Arthur Minas
Attorney at Law
510 West 6th Street, Suite 200,
Los Angeles, CA 90014
Phone: (213)347-0025
Fax: (213)623-2899
Arthur@wilawgroup.com

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **QINKAI TAN**, | Case No.: |
| Plaintiff, | |
| -Against- | COMPLAINT |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES** | |
| -and- | |
| **DIRECTOR OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES' LOS ANGELES ASYLUM OFFICE,** | |
| Defendants | |

## COMPLAINT

### DESCRIPTION OF ACTION

1. This complaint is brought by plaintiff, QINKAI TAN, (A208829569), against the defendants to compel a decision on his application for asylum, which has been pending with the New York Asylum Office of the United States Citizenship and Immigration Services (USCIS) since April 5, 2016 , despite the fact that numerous asylum applications which were filed long

COMPLAINT - 1

after his have been adjudicated.

## JURISDICTION

2.      This being a civil action against the United States arising under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., all laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## DESCRIPTION OF PARTIES

3.      The plaintiff, QINKAI TAN, is a citizen of China, residing at 15442 Newton Street, Hacienda Heights, CA 91745. His alien number is A208829569.

4.      The defendant, the United States Citizenship and Immigration Services (the "USCIS"), is a federal agency charged with the authority to adjudicate applications for asylum. It resides in the District of Columbia and Maryland.

5.      The defendant, Director of USCIS's Los Angeles Asylum Office of the United States Citizenship and Immigration Services, where plaintiff's application for asylum is currently pending. She resides for official purposes within the central judicial district of California.

## BRIEF STATEMENT OF RELEVANT FACTS

6.      On March 23, 2016, QINKAI TAN filed a Form I-589, Application for Asylum and Withholding of Removal (hereafter: "application for asylum") with the defendants.

COMPLAINT - 2

7. On April 5, 2016, he received an Acknowledgement of Receipt from the Los Angeles Asylum Office on his application for asylum.

8. Since that time absolutely no discernable progress has been made in his application. He never received the notification for an asylum interview.

9. Until Mr. Tan is actually granted asylum his wife and the elder child (the minor child is a US citizen) remain on the removal proceedings in the United States. Although theoretically they can extend their work authorization, due to the prolonged processing time of the work authorization applications, there are often gaps when they have to quit their jobs and wait for Employment Authorization Cards to get re-hired.

10. Mr. Tan and his wife are both church members and volunteers for Blessed Chinese UMC Church. Due to the lack of immigration status, they could not join the missionary trip to Ecuador in 2018 and 2019.

11. Mr. Tan's 9 years old daughter, who came to the United States with parents when she was 3 years old, is going to Wedgeworth Elementary school for 4th grade. She is a figure skate contestant and she has lost the opportunities to participate in the worldwide competition due to the limitation of international travel.

12. Mr. Tan's three years old son, who was born in the United States, is a US citizen. Until Mr. Tan is actually granted asylum his wife and the elder child remain on the removal proceedings in the United States. Therefore, there is a chance they could be separated from the 3 years old son anytime.

13. Because Mr. Tan is a delivery worker and his wife works in nail salon, their standard of life is lower than average families in Los Angeles. Therefore, whether their daughter has the equal opportunity to get enrolled into the prestigious colleges in the future

COMPLAINT - 3

really matters to them. Without a legal immigration status, their daughter would be deprived from the chance to apply for the prestigious colleges since she is not eligible for many scholarship and grants which are only available for legal permanent resident and US citizens.

14. 8 U.S.C. § 1158(d)(5)(A)(iii) provides that " in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed;"

15. The defendants have at no time informed TAN of any exceptional circumstances delaying a decision in his case.

16. As of today, the Plaintiff's asylum application remains under the jurisdiction of the Defendants and unadjudicated.

## COUNT I

17. Defendant the United States Citizenship and Immigration Services, and Director of the United States Citizenship and Immigration Services' Los Angeles Asylum Office, are each and all agencies or officers of the United States Department of Homeland Security.

18. Defendants, each and all owe a duty to the Plaintiff to adjudicate his application for asylum within a reasonable time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

19. The requirement provided by 8 U.S.C. §1158(d)(5)(A)(iii) that an asylum application must be adjudicated within 180 days of the date of filing establishes that a reasonable time for adjudicating an asylum application is no more than 180 days.

20. The time in which plaintiff's application for asylum has been pending with Defendant the United States Citizenship and Immigration Services, and Defendant Director of the

COMPLAINT - 4

United States Citizenship and Immigration Services' Los Angeles Asylum Office, is well beyond 180 days.

21. The time in which plaintiff's application for asylum has been pending with Defendant, the United States Citizenship and Immigration Services, and Defendant Director of the United States Citizenship and Immigration Services' Los Angeles Asylum Office, is far beyond the period of time which these officers or agencies or their predecessors reasonably require(d) to adjudicate his application.

22. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the Plaintiff.

23. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

RELIEF REQUESTED

WHEREFORE it is respectfully requested that the defendants to adjudicate Mr. TAN's application for asylum in no more than 30 days from the date of this Court's Order, and to take such other action as it deems appropriate.

Dated this 16th day of January, 2023

/s/ Arthur Minas
Arthur Minas
Attorney at Law
510 West 6th Street, Suite 200,
Los Angeles, CA 90014
Phone: (213)347-0025
Fax: (213)623-2899
Arthur@wilawgroup.com

COMPLAINT - 5